THE STATE OF OHIO, APPELLEE, *v.* LORENZ, APPELLANT.

(No. CA88-03-025—Decided November 21, 1988.)

*George E. Pattison,* prosecuting attorney, and *Lawrence R. Fisse,* for appellee.

*Louis Rubenstein,* for appellant.

YOUNG, J. Defendant-appellant, Kenny C. Lorenz, appeals from his conviction for pandering sexually oriented matter involving a minor, a violation of R.C. 2907.322(A)(1), and illegal use of a minor in nudity-oriented material, a violation of R.C. 2907.323(A)(1).

The record shows the offenses occurred on October 8, 1987. Appellant,

who was thirty-seven years old, rented a basement apartment in Milford, Ohio from the victim's grandmother. The victim, a fourteen-year-old female, was apparently lured to appellant's apartment under the pretext of having her photograph appellant for his girlfriend. Once in the apartment, appellant forced the victim to submit to vaginal intercourse and fellatio. Appellant also took several polaroid photographs of the victim in the nude and also of her fully clothed performing fellatio on appellant.

Based on the above conduct, appellant was indicted on three counts involving the offenses of rape, pandering sexually oriented material involving a minor, and illegal use of a minor in nudity-oriented material. Thereafter, pursuant to a plea bargain, appellant entered a guilty plea to the lesser-included offense of corruption of a minor, and the rape count was dismissed. Appellant also entered pleas of no contest to the remaining counts and was found guilty of both offenses by the trial court. The trial court sentenced appellant to consecutive terms of five to fifteen years each on count two of pandering and count three of illegal use of a minor. Appellant also received a sentence of two years on count one of corruption of a minor to be served concurrently with his other sentences.

On appeal to this court, appellant, in his sole assignment of error, argues that his conviction on the offenses of pandering and illegal use of a minor was improper under R.C. 2941.25(A) because they are allied offenses of similar import.

R.C. 2941.25 provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Appellant, in his brief and at oral argument, urges this court to adopt a subjective test, determining on a case-by-case basis whether offenses are allied offenses of similar import. Appellant concludes that only by looking at offenses in light of the facts under which the offenses were committed will the purpose of R.C. 2941.25, preventing "shotgun convictions," be served. In the case *sub judice,* appellant points out that the two offenses arose from separate photographs that were taken in the same location, during the same time period, and involved the same parties. Further, appellant argues the photographs were taken for the single purpose of sexual gratification and therefore are allied offenses under the particular facts of the case.

While appellant's argument is logical, the Supreme Court has already dictated that an objective test be used in identifying allied offenses of similar import. In determining whether two offenses are allied within the purview of R.C. 2941.25, the Supreme Court has articulated a two-step analysis. First, the elements of the offenses must be compared. The offenses are allied offenses of similar import if the elements correspond to such a degree that the commission of one offense will result in the commission of the other. If, under the first step, the court finds the offenses to be allied offenses, it must proceed to the second step in which the court reviews the defendant's conduct to determine whether the offenses were committed separately or with a separate animus. If the

court finds affirmatively, the defendant may be convicted of both offenses. *State* v. *Mughni* (1987), 33 Ohio St. 3d 65, 514 N.E. 2d 870; *State* v. *Talley* (1985), 18 Ohio St. 3d 152, 18 OBR 210, 480 N.E. 2d 439; *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, 6 OBR 463, 453 N.E. 2d 593. The second step of the analysis, however, is only applicable if the offenses have been determined under the first step to be allied. *State* v. *Talley, supra,* at syllabus; *State* v. *Mughni, supra,* at 68, 514 N.E. 2d at 873.

Appellant was convicted of violating R.C. 2907.322(A)(1), which states that "[n]o person, with knowledge of the character of the material or performance involved, shall * * * create, reproduce, or publish any material that shows a minor participating or engaging in sexual activity * * *." Appellant was also convicted of violating R.C. 2907.323(A)(1), which states that no person shall "[p]hotograph any minor who is not the person's child or ward in a state of nudity * * *."

After comparing the elements of the above offenses, we conclude the offenses do not correspond to such a degree that the commission of one offense will result in the commission of the other. For example, R.C. 2907.322 (A)(1) requires proof that a person created material involving a minor engaging in sexual activity, which is not an element of R.C. 2907.323(A)(1). Conversely, while R.C. 2907.323(A)(1) requires proof that a person photographed a minor in a state of nudity, this is not an element of R.C. 2907.322(A)(1). In addition, R.C. 2907.322(A)(1) requires proof of "knowledge of the character of the material or performance involved" while R.C. 2907.323(A)(1) requires only proof of recklessness as the culpable mental state. See *State* v. *Young* (1988), 37 Ohio St. 3d 249, 525 N.E. 2d 1363, paragraph three of the syllabus.

Accordingly, based on the above analysis, we hold that the offenses of pandering sexually oriented material involving a minor, as defined in R.C. 2907.322(A)(1), and illegal use of a minor in nudity-oriented material, as proscribed in R.C. 2907.323(A)(1), are not allied offenses of similar import. Therefore, we need not discuss the second step of the analysis to determine whether the offenses were committed separately or with a separate animus because the second step is inapplicable when the offenses are found not to be allied under the first step of the analysis. *State* v. *Talley, supra,* at syllabus.

Appellant's sole assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, J., concurs.

JONES, P. J., dissents.

JONES, P. J., dissenting. I respectfully dissent. The trial court erred in sentencing appellant to consecutive terms of five to fifteen years each, for pandering sexually oriented matter involving a minor and illegal use of a minor in nudity-oriented material or performance.

A brief review of legislative history is appropriate. R.C. 2907.322 and 2907.323 were both enacted September 27, 1984 in an effort to stem the flow of obscene material involving young children. Such children, frequently prepubescent, were being exploited by unscrupulous individuals who photographed them in sexually oriented poses in order to distribute the material for a number of reasons, including profit. The statutes were designed to stop the trafficking and to punish those so engaged. The statutes never had as their purpose the punish-

ment of adult males engaged in sexual activity with minor children. Statutes were already in existence to prohibit such activity and punish the offender. The new laws were enacted to stop the *distribution* and *dissemination* of obscene materials involving children and eliminate the "kiddy porn" market.

In the case at bar, appellant obviously engaged in sexual conduct with a young female under the age of consent. Although initially charged with rape, in addition to the two charges being appealed, appellant was quickly permitted to plead guilty to corruption of a minor in lieu of a trial on the rape charge, despite the majority's bland assertion that the victim was forced to submit to vaginal intercourse and fellatio. Presumably, the state permitted the plea to the lesser offense because there was a total absence of force required to convict for rape. In fact, the trial judge, during sentencing, accepted appellant's statement that "no force was used." The indictments to which appellant then pleaded no contest were based upon the emphasized portions of the following statutes:

R.C. 2907.322 Pandering sexually oriented matter involving a minor.

"(A) *No person,* with knowledge of the character of the material or performance involved, *shall do any of the following:*

"(1) *Create,* reproduce, or publish *any material that shows a minor participating or engaging in sexual activity,* masturbation, or bestiality;

"(2) Exhibit or advertise for sale or dissemination, sell, disseminate, or display any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

"(3) Create, direct, or produce a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

"(4) Advertise for presentation, present, or participate in presenting a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

"(5) Possess or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;

"(6) Bring or cause to be brought into this state any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality.

"(B) This section does not apply to any material or performance that is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance.

"(C) *Whoever violates this section is guilty of pandering sexually oriented matter involving a minor.* Violation of division (A)(1), (2), (3), (4), or (6) of this section is a felony of the second degree. Violation of division (A)(5) of this section is a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (A)(5) of this section, pandering sexually oriented matter involving a minor is a felony of the fourth degree." (Emphasis added.)

R.C. 2907.323 Illegal use of minor in nudity-oriented material or performance.

"(A) *No person shall do any of the following:*

"(1) *Photograph any minor* who is not the person's child or ward *in a state of nudity,* or create, direct, produce, or transfer any material or per-

formance that shows the minor in a state of nudity, unless both of the following apply:

"(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance;

"(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.

"(2) Consent to the photographing of his minor child or ward, in a state of nudity or consent to the use of his minor child or ward in a state of nudity in any material or performance, or use or transfer such material or performance, unless the material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance;

"(3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies:

"(a) The material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance.

"(b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or use of the minor in a state of nudity and to the manner in which the material or performance is used or transferred.

"(B) *Whoever violates this section is guilty of illegal use of a minor in a nudity-oriented material or performance.* Whoever violates division (A)(1) or (2) of this section is guilty of a felony of the second degree. Whoever violates division (A)(3) of this section is guilty of a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (A)(3) of this section, illegal use of a minor in a nudity-oriented material or performance is a felony of the fourth degree." (Emphasis added.)

When appellant photographed the girl performing fellatio on him in a partial state of nudity, he obviously "create[d] * * * material that shows a minor participating or engaging in sexual activity * * *," an ostensible violation of R.C. 2907.322(A)(1). He was also in violation of R.C. 2907.323(A)(1) in that his "creation" was a photograph. An examination of the remainder of such statutes, however, clearly reveals their basic purpose, *i.e.,* to prohibit the *distribution and dissemination of such photographs.*

The record is totally devoid of

evidence that appellant distributed or disseminated the photographs and it is therefore logical to accept the premise that appellant's motivation, just like the motivation in most sexual offenses, was sexual gratification. Despite such, appellant was convicted under two statutes enacted to prohibit the distribution and dissemination of such material.

Quite simply, appellant was convicted of allied offenses of similar import, or convicted of two offenses of the same or similar kind, committed simultaneously, not separately, and with the same animus as to each. R.C. 2941.25 reads as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

As noted by the Ohio Supreme Court in State v. Logan (1979), 60 Ohio St. 2d 126, 14 O.O. 3d 373, 397 N.E. 2d 1345, the Ohio General Assembly enacted R.C. 2941.25 to prevent "shotgun convictions." In Logan, supra, the defendant was convicted of both kidnapping and rape. The court held that the kidnapping was incidental to the crime of rape, demonstrating a single animus, and reversed the kidnapping conviction. In Logan, supra, of course, the detention of the victim was brief, with minimal asportation, and the victim was released immediately following the rape. The court also considered the further ques-

tion of whether the victim, by such limited asportation or restraint, was subjected to a substantial increase in the risk of harm separate from that involved in the underlying crime. Thereupon, the court determined that the asportation of the victim down the alley to the place of rape did not present a substantial increase in the risk of harm separate from that involved in the rape.

Applying the law set forth in Logan, supra, to the facts in the case at bar, I would hold that the offenses appealed were allied offenses of similar import, and appellant can only be convicted of one, pursuant to R.C. 2941.25(A). It is of course arguable that the offenses were of the same or similar kind, but committed separately, or with a separate animus, as set forth in R.C. 2941.25(B), thereby permitting convictions for both.

Were the offenses committed separately? Did each click of the camera constitute a separate offense? What if appellant had utilized a movie camera or a video camera recorder? The crimes were committed during a short space of time, and the answers are obvious. Appellant was engaged in a single course of conduct and did not commit a series of separate crimes.

If not committed separately, it is still necessary to determine whether a separate animus was involved. If so, appellant may be convicted of both offenses. It would seem readily apparent that if the animus was sexual gratification, as heretofore suggested, there was only one animus. By the same token, if appellant's animus was to sell "dirty pictures," there was again a single animus.

In summary, while I do not condone appellant's abhorrent conduct, I believe the trial court, in approving the "shotgun" approach utilized by the prosecution, committed "overkill" in sentencing appellant to consecutive terms of five to fifteen years. Ap-

pellant will serve more time than most defendants convicted of murder, and the trial court's holding violates the mandate expressed in R.C. 2941.25. The case should be reversed and the trial court directed to resentence appellant for violating either R.C. 2907.322 or 2907.323, but not both.