OPINION
{¶ 1} George Bloom appeals from his conviction of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(5) and seven counts of illegal use of a minor in nudity oriented material. The trial court sentenced Bloom to a year on each count on the illegal use charge to be served concurrently, and 18 months on each *Page 2 
count of pandering to be served concurrently to each other, but consecutive to his one-year term, for a total prison term of 30 months.
 {¶ 2} In his first assignment of error, Bloom argues that his convictions on the offenses of pandering and illegal use of a minor were improper under R.C. 2941.25(A) because they are allied offenses of similar import. R.C. 2941.25 provides as follows:
 {¶ 3} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 4} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately, or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 5} Bloom argues that his crimes are allied offenses of similar import under the facts and circumstances of this case because his offenses were committed by the single act of a mere click of a mouse on his computer. However, the Supreme Court has already dictated that an objective test be used in identifying allied offenses of similar import. In determining whether two offenses are allied within the purview of R.C. 2941.25, the Ohio Supreme Court has articulated a two-step analysis.
 {¶ 6} First, the elements of the offenses must be compared. The offenses are allied offenses of similar import if the elements correspond to such a degree that the *Page 3 
commission of one offense will result in the commission of the other. If, under the first step, the court finds the offenses to be allied offenses, it must proceed to the second step in which the court reviews the defendant's conduct to determine whether the offenses were committed separately or with a separate animus. If the court finds affirmatively, the defendant may be convicted of both offenses. State v. Mughni (1987),33 Ohio St.3d 65, 514 N.E.2d 870; State v. Talley (1985),18 Ohio St.3d 152, 480 N.E.2d 439; State v. Mitchell (1983),6 Ohio St.3d 416,453 N.E.2d 593. The second step of the analysis, however, is only applicable if the offenses have been determined under the first step to be allied.State v. Talley, supra, at syllabus; State v. Mughni, supra, at 68.
 {¶ 7} Bloom was convicted of violating R.C. 2907.322(A)(5) which states that "No person, with knowledge of the character of the material or performance involved, shall [s]olicit, receive, repurchase, exchange, possess or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality. . . ." Bloom's conviction for illegal use of a minor in nudity-oriented material or performance was based upon R.C. 2907.323(A)(3), which provides, "No person shall [p]ossess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity * * *".
 {¶ 8} After comparing the elements of the above offenses, the State argues that it is clear that the offenses do not correspond to such a degree that the commission of one offense will result in the commission of the other. The State argues R.C. *Page 4 2907.322(A)(5) requires proof that a person possessed material involving a minor engaging in sexual activity, masturbation, or bestiality, which is not an element of R.C. 2907.323(A)(3). Sexual activity is defined in R.C. 2907.01(A)-(C) and does not require nudity or use the word "nudity".
 {¶ 9} In contrast, R.C. 2907.323 does not require sexual activity, masturbation, or bestiality, but prohibits possession of material involving a minor in a state of nudity. Nudity is defined in R.C.2907.01(H). Although not stated within that statutory definition, both the United States Supreme Court and the Ohio Supreme Court have concluded that R.C. 2907.323(A)(3) applies only to depictions of "nudity involving a lewd exhibition or graphic focus on a minor's genitals."Osborne v. Ohio (1990), 495 U.S. 103, 109 L.Ed.2d 98, 110 S.Ct. 1691;State v. Young (1988), 37 Ohio St.3d 249, 525 N.E.2d 1363.
 {¶ 10} We agree with the State that the offenses of pandering sexually oriented material involving a minor, as defined in R.C. 2907.322(A)(5), and illegal use of a minor in nudity-oriented material, as proscribed in R.C. 2907.323(A)(3), are not allied offenses of similar import. See,State v. Lorenz (1988), 59 Ohio App.3d 17, 570 N.E.2d 285; State v.Knott (1998), 6th Dist. No. L-97-1273. The first assignment of error is Overruled.
 {¶ 11} In his second assignment, Bloom argues that the trial court abused its discretion in sentencing him to a term of 30 months which was disproportionate to the severity of his conduct and was contrary to law. The State, for its part, notes that Bloom could have received up to 19 years if the trial court had run each count consecutive to *Page 5 
each other. The State also argues that a 30-month sentence is not a disproportionate sentence for committing 15 separate felonies involving conduct concerning minor children. The State also notes Bloom presented no evidence that other offenders similarly situated were treated more leniently than him. Lastly, the State argues that Bloom's sentences were within statutory guidelines and were not contrary to law.
 {¶ 12} We agree with all of the State arguments as they relate to the sentences imposed by the trial court. The appellant's second assignment of error is likewise Overruled. The Judgment of the trial court is Affirmed.
 FAIN, J., and DONOVAN, J., concur. *Page 1