[Cite as *Columbiana v. Clark*, 2012-Ohio-4573.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CITY OF COLUMBIANA, | ) | |
| | ) | CASE NO.  11 CO 28 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ERIC S. CLARK, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:    Criminal Appeal from Municipal
Court, Columbiana County, Ohio,
Case No. 11 TRD 894.

JUDGMENT:                                       Affirmed.


APPEARANCES:
For Plaintiff-Appellee:                       Attorney Robert L. Herron
Prosecuting Attorney
Attorney Daniel Blasdell
Asst. Prosecuting Attorney
38832 Saltwell Road
Lisbon, OH  44432

For Defendant-Appellant:                 Attorney Peter Horvath
38294 Industrial Park
P.O. Box 501
Lisbon, OH  44432


JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Gene Donofrio


Dated:  September 24, 2012

DeGenaro, J.

{¶1} Defendant-Appellant, Eric S. Clark, appeals the judgment of the Columbiana County Municipal Court convicting him of one count of speeding, fining him accordingly, and ordering him to pay for the costs of prosecution. On appeal, Clark argues that the trial court lacked the authority to order him to pay for the City's expert witnesses fees, which totaled $950. Assuming arguendo the court had the authority to order those costs, Clark asserts that the court abused its discretion by doing so.

{¶2} First, this appeal is moot because Clark paid his fine and court costs and did not seek a stay of execution of the trial court's judgment pending appeal. However, this court will nonetheless address the assigned errors which are meritless. The trial court had the authority to assess the expert witness fee as a court cost pursuant to R.C. 2947.23(A)(1), and the decision to do so did not constitute an abuse of discretion. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} On February 13, 2011, Clark was pulled over and cited for speeding in violation of the City of Columbiana Code 434.03, a minor misdemeanor. The citing officer used a Kustom Signals Pro 1000 Doppler Radar Unit, to determine that the vehicle driven by Clark was travelling 68 miles per hour in a 45 mile-per-hour zone. The radar unit was in "moving mode," which allowed the officer to register Clark's speed while his cruiser was in motion.

{¶4} Clark pled not guilty to the charge in the Columbiana County Mayor's Court and the case was transferred to the Columbiana County Municipal Court.

{¶5} The case proceeded to a bench trial on August 2, 2011, where the citing officer, Clark, and Carl Fors, an expert in radar systems testified. There is no legal precedent in this district regarding the reliability of the moving radar device used in this case, thus necessitating the expert testimony. Based on Fors' testimony and other evidence presented at trial, the trial found that the radar system used "will be subject to judicial notice for purposes of measuring speed by the use of radar in either stationary or moving mode."

{¶6} Clark filed a partial transcript of trial for inclusion in the appellate record; it

does not include testimony of the witnesses. It does include the closing arguments and the sentencing, including arguments by both sides regarding the assessment of the expert witness fee as a court cost. In the end, the trial court imposed a $70 fine for the speeding violation along with court costs totaling $1,102.00, which included the $950 expert witness fee. The trial court asked Clark if he needed additional time to pay, but Clark declined, stating he would pay immediately, which he did. The trial court issued a sentencing entry on August 2, 2011, and Clark filed a timely notice of appeal with this court on August 30, 2011. On September 14, 2011, the trial court issued a more detailed judgment entry and opinion discussing the trial and its ruling, which is proper since it did not modify the sentencing entry but instead was intended to aid this court in the determination of this appeal. *See In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶9, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978).

## Mootness

**{¶7}** As a threshold matter, this appeal is moot.

**{¶8}** "At common law, courts considered appeals in criminal cases to be moot if the appellant had completed the sentence prior to a ruling on the appeal on the basis that if a sentence had been served, a favorable judgment could not 'operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served.' " *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶17, quoting *St. Pierre v. United States*, 319 U.S. 41, 42-43, 63 S.Ct. 910, 87 L.E. 1199 (1943). In accordance with this rule, the Ohio Supreme Court held:

> where a criminal defendant, convicted of a misdemeanor, voluntarily satisfied the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994), citing *State v.*

*Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), and *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987). See also *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶9, citing *Wilson* at syllabus.

**{¶9}** More recently, in *Lewis*, the Ohio Supreme Court considered what it means to "voluntarily" complete a sentence for purposes of the mootness doctrine:

the completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide. *Id.* at ¶ 26.

**{¶10}** The *Lewis* Court concluded that a misdemeanor defendant's completion of his sentence was not voluntary where he contested charges at trial and, after being convicted, sought a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appealed because those circumstances demonstrate "no intent * * * to acquiesce in the judgment or to intentionally abandon the right of appeal." *Id.* at ¶ 23.

**{¶11}** By contrast, Clark failed to seek a stay of execution of the trial court's judgment. *See State v. Henry*, 9th Dist. No. 25479, 2011-Ohio-3566, ¶13-14 (distinguishing *Lewis* and concluding appeal was moot based on defendant's failure to seek a stay in the trial court.) And, further, there are no civil collateral consequences to be concerned with here. *See Lewis* at ¶28-34 (Lundberg Stratton, J., concurring) (discussing the potential for significant collateral consequences stemming from a misdemeanor conviction.) In fact, Clark does not challenge the trial court's finding of guilt, only the imposition of court costs. Accordingly, this appeal is moot. But for completeness, given this is an issue of first impression in this District, we will address the assigned errors.

**Authority to Assess Witness Fees as Costs**

**{¶12}** In his first of two assignments of error, Clark asserts:

**{¶13}** "The trial court has no authority to assess witness fees in a moving violation (non-criminal) case."

**{¶14}** Clark asserts the trial court erroneously relied upon R.C. 2947.23 in imposing the expert witness fees as court courts. His argument here is two-fold. First, he asserts R.C. 2947.23 applies only to criminal offenses, and that the speeding violation at issue here is not a criminal offense.

**{¶15}** Clark is correct that R.C. 2947.23(A) applies only to criminal offenses. It states that "[i]n *all criminal cases, including violations of ordinances*, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." (Emphasis added) R.C. 2947.23(A)(1). However, the speeding violation in this case *is* a criminal offense. A violation of City of Columbiana Code 434.03, the speeding ordinance, constitutes a minor misdemeanor. City of Columbiana Code 434.03(j)(a)(A). Minor misdemeanors are considered criminal offenses. *See* R.C. 2901.02(A); *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532, ¶34. R.C. 2949.093 does not support Clark's argument that a moving violation is not a criminal offense. That provision concerns funding and other requirements for participation in criminal justice regional information systems.

**{¶16}** Second, Clark engages in a statutory interpretation exercise to conclude that R.C. 2746.02 renders R.C. 2947.23(A) inapplicable to this case, making the imposition of the expert witness fees as court costs improper. However, the major flaw in his analysis is that R.C. 2746.02, which consolidated and clarified the Revised Code with regard to the imposition of court costs, did not take effect until September 23, 2011, over seven weeks after Clark was sentenced. Am.Sub.H.B. No. 5, 2011 Ohio Laws 25. *See, also*, Ohio Final Bill Analysis, 2011 H.B. 5 (Jan. 17, 2012).

**{¶17}** As the Ohio Supreme Court explained in *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110, ¶15:

Statutes are presumed to apply only prospectively unless the General Assembly specifically indicates that a statute applies retrospectively. R.C. 1.48; *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 40. In the typical case, "[i]n order to overcome the presumption that a statute applies prospectively, a statute must 'clearly proclaim' its retroactive application." *Hyle [v. Porter,* 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899,] ¶10, citing [*State v.*] *Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, paragraph one of the syllabus.

**{¶18}** Nothing in R.C. 2746.02 proclaims its retroactive application, thus it has no bearing on the issues in this case.

**{¶19}** The trial court had authority pursuant to R.C. 2947.23(A)(1) to assess the expert witness fee as a court cost in this matter. The trial court relied on this court's opinion in *In re Conservatorship* of *Ahmed*, 7th Dist. Nos. 01-BA-13, 01-BA-48, 2003-Ohio-3272, in reaching this conclusion. In *Ahmed*, the appellant had been sentenced to death after being convicted of murdering his estranged wife and four of her relatives. Ahmed later established a conservatorship in order to pay the various expenses incurred in the criminal case. On March 16, 2001, the probate court issued an order which terminated the conservatorship and allowed depletion of conservatorship funds. According to this court's recitation of the facts:

On March 21, 2001, before receiving notice of the above [March 16th] entry, the conservator supplemented his motion by attaching a judgment entered in the general division on March 12, 2001 against Ahmed for the costs of his prosecution in the amount of $68,460.36. Some of the listed expenses were $5,769.20 for juror fees and other costs of prosecution; $5,200 for transcription; $28,341.06 in witness fees and trial preparation fees; $563.85 for the sheriff's department; and $28,586.25 for the public defender's office including the fees of the three experts mentioned above

and a DNA expert. *Id.* at ¶18.

**{¶20}** The prosecutor in the present case quoted this portion of *Ahmed* during the sentencing hearing in support of his argument for the imposition of the expert witness fees as court costs, and again relies upon it in his Appellee's Brief. However, the probate court in *Ahmed* never ordered payment of the criminal court costs out of the conservatorship funds since the supplemental motion of the conservator was filed after the probate court terminated the conservatorship. This court did affirm the disbursement of other funds to pay for expenses related to the criminal case, but these were for defense expert witnesses, not for the payment of court costs. *Id.* at ¶30. Thus, *Ahmed* does not truly stand for the proposition that expert witness fees may be assessed as court costs pursuant to R.C. 2947.23(A)(1). At most, it establishes those costs *were assessed* as part of the sentence in the criminal case. The Supreme Court did not discuss the propriety of the court costs in the direct appeal from the criminal convictions, *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, as this was not raised as an issue.

**{¶21}** Support for the assessment of expert witness fees as court costs is found in precedent from other districts and the Ohio Supreme Court. As the Court explained in *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005:

> [The Supreme Court of Ohio] clarified the term "costs" in *State ex rel. Franklin Cty. Commrs. v. Guilbert* (1907), 77 Ohio St. 333, 338, 83 N.E. 80: "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence." See also *State v. Perz*, 173 Ohio App.3d 99, 2007–Ohio–3962, 877 N.E.2d 702, at ¶ 36, 42 (holding that costs of prosecution are those expenses directly related to the court proceeding and remanding for the trial court to determine "the actual costs of prosecution"); *State v. Christy*, Wyandot App.

No. 16–04–04, 2004–Ohio–6963, 2004 WL 2940888, at ¶ 22 ("The expenses which may be taxed as costs in a criminal case are those directly related to the court proceedings and are identified by a specific statutory authorization"); *State v. Holmes*, Lucas App. No. L–01–1459, 2002–Ohio–6185, 2002 WL 31521456, at ¶ 20 ("The 'costs of prosecution' * * * are the court costs incurred in the prosecution of the case"). *Quinones* at ¶8.

**{¶22}** The expert witness fee in this case falls under the definition of court costs, directly related to the proceeding and necessary for the City to prove its case at trial. Accordingly, the trial court had the authority to assess the expert witness fee as a court cost pursuant to R.C. 2947.23(A)(1), and therefore Clark's first assignment of error is meritless.

## Abuse of Discretion

**{¶23}** In his second assignment of error, Clark asserts:

**{¶24}** "The trial court abused its discretion in awarding witness fees to a municipality in a speed case."

**{¶25}** "A trial court has broad discretion when imposing a financial sanction upon an offender and a reviewing court should not interfere with its decision unless the trial court abused that discretion by failing to consider the statutory sentencing factors." *State v. Weyand*, 7th Dist. No. 07-CO-40, 2008-Ohio-6360, ¶7, citing *State v. Keylor*, 7th Dist. No. 02 MO 12, 2003-Ohio-3491, ¶9. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶26}** Clark asserts it was unreasonable for the trial court to order him to pay the $950 expert witness fee as a court cost. His argument is meritless for several reasons. First, Clark does not dispute that he was given notice in advance of trial that the City intended to seek repayment of the expert witness fee as a court cost. And Clark agrees he did *not* challenge the reliability of the radar device during trial. Instead, we can glean from the closing arguments that Clark's defense at trial was that his speed was

reasonable given the road conditions. Thus, Clark could have chosen to stipulate to the reliability of the radar device and avoided the fee, but did not, instead forcing the City to incur the expert witness expense at trial.

{¶27} Further, Clark asserts that because the trial court took judicial notice of the reliability of this radar device, the City will be able to use that determination "again and again." In essence, Clark contends it is unfair for him to bear the sole burden of this cost, when, according to his logic, the City will be able to use the trial court's judicial finding in all subsequent speeding cases that involve this technology. This argument is meritless. This trial court could take judicial notice of the reliability of this particular device in future cases, however, the use of that finding is limited to this particular trial court, absent case law on the subject. *See* C*incinnati v. Levine*, 158 Ohio App.3d 657, 2004-Ohio-5992, 821 N.E.2d 613, ¶10 (1st Dist.) (Internal citations omitted): "Establishing the reliability of a speed-measuring device can be accomplished for future cases by (1) a reported municipal court decision, (2) a reported or unreported case from the appellate court, or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record." *See, also,* Evid.R. 201(B)(2).

{¶28} The trial court had the authority to assess the expert witness fee as a court cost pursuant to R.C. 2947.23(A)(1), and the decision to do so did not constitute an abuse of discretion. Accordingly, the judgment of the trial court is affirmed.

Waite, P.J., concurs.

Donofrio, J., concurs.