[Cite as *State v. Reavis*, 2012-Ohio-4675.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-0003 |
| JESSICA REAVIS AKA REVIS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal appeal from the Morrow County Municipal Court, Case No. 5911-2011-TRD-4967

JUDGMENT:    Reversed

DATE OF JUDGMENT ENTRY:    October 9, 2012

APPEARANCES:

For Plaintiff-Appellee

STEVEN PHILLIPS
312 North Main Street
Mt. Gilead, OH 43338-9789

For Defendant-Appellant

JESSICA FORREST
JOHN KIM
6233 Michael Glen Lane
Wadsworth, OH 44281-8005

*Gwin, J.,*

{¶1} Defendant Jessica Reavis aka, Revis, appeals a judgment of the Municipal Court of Morrow County, Ohio, which convicted her for speeding in violation of R.C. 4511.21 (D). Appellant assigns a single error to the trial court:

{¶2} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT APPLYING R.C. 4511.091 (C) AND, IN SO FAILING TO APPLY IT, FINDING DEFENDANT-APPELLANT GUILTY OF SPEEDING BASED SOLELY ON AN OFFICER'S UNAIDED VISUAL ESTIMATION OF THE SPEED OF DEFENDANT-APPELLANT'S MOTOR VEHICLE."

{¶3} The State's evidence consisted of the testimony of State Highway Patrol Trooper Striker regarding his visual estimate of her speed and his use of the UltraLyte 20/20 Laser device to measure it. The court correctly found absent expert testimony or judicial notice, it could not admit evidence of the construction, reliability, accuracy and mode of operation of this device. Thus the court correctly found only the evidence of the speed of appellant's vehicle was the trooper's visual estimate.

{¶4} R.C. 4511.091 (C) provides in pertinent part:

No person shall be arrested, charged, or convicted of a violation of any provisions of divisions (B) to (O) of Section 4511.21 or Section 4511.211 of the Revised Code or a substantially similar municipal ordinance based on a peace officer's unaided visual estimation of the speed of a motor vehicle, trackless trolley, or streetcar.

{¶5} The statute became effective on September 30, 2011.

{¶6} Appellant was stopped on August 25, 2011, prior to the effective date of R.C. 4511.091. She was convicted on December 11, 2011, after the statute was effective. The court found R.C.4511.091 was not retroactive to the date she was charged and therefore does not apply to appellant. Instead, the court applied the holding in *Barberton v. Jenney,* 126 Ohio St. 3d 5, 2010-Ohio-2420. In *Jenney,* decided before the effective date of R.C.4511.091, the Supreme Court found an officer's unaided visual estimate of a vehicle's speed is legally sufficient to convict if there is evidence the officer has the appropriate training, certification, and experience.

{¶7} If R.C. 4111.091 provided only that no person shall be arrested or charged, then it would clearly not apply to appellant. However, the Ohio Legislature chose to include the phrase "or convicted" in the statute. The Supreme Court has instructed us that where the language used in a statute is clear and unambiguous, we must apply it as written, so as to give effect to the plain meaning of the words the legislature chose. *In Re: Adoption of M.B.,* 131 Ohio St. 3d 186, 2012-Ohio-236, 963 N.E. 2d 142 ¶ 19, citing *In Re: Estate of Centorbi,* 129 Ohio St. 3d 78, 2011-Ohio-2267, 950 N.E. 2d 505, ¶ 14. The Supreme Court found we must construe a statute as a whole and give it the interpretation that will give effect to every word and clause. We must not treat any part as superfluous unless it is manifestly so, and we must avoid any construction which renders a provision meaningless. Id., citing *State ex rel. Myers v. Spencer Township Rural School District Board of Education,* 95 Ohio St. 367, 377, 116 N.E. 516 (1917); and R.C. 1.47(B).

**{¶8}** In light of the above, we need not analyze R.C. 4511.091 to determine whether it applies retroactively. The statute applies prospectively to appellant's conviction.

**{¶9}** We find the court erred in finding the statute inapplicable. The assignment of error is sustained.

**{¶10}** For the foregoing reasons, the judgment of the Municipal Court of Morrow County, Ohio, is reversed.

By Gwin, J.,

Delaney, P.J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


WSG:clw 0906

[Cite as *State v. Reavis*, 2012-Ohio-4675.]

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                :
                                             :
                  Plaintiff-Appellee         :
                                             :
                                             :
                                             :
-vs-                                         :        JUDGMENT ENTRY
                                             :
JESSICA REAVIS AKA REVIS                     :
                                             :
                                             :
                  Defendant-Appellant:       CASE NO. 2012-CA-3


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Morrow County, Ohio, is reversed.   Costs to appellee.


_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER