[Cite as *Beachwood v. Joyner*, 2012-Ohio-5884.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98089

## CITY OF BEACHWOOD

PLAINTIFF-APPELLEE

vs.

## BECKY JOYNER

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Shaker Heights Municipal Court
Case No. 11 TRD 07641

**BEFORE:**   Boyle, P.J., Jones, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   December 13, 2012

**FOR APPELLANT**

Becky Joyner, pro se
16616 Stockbridge Avenue
Cleveland, Ohio   44128


**ATTORNEYS FOR APPELLEE**

Thomas Greve
Chief Prosecutor
City of Beachwood
2700 Richmond Road
Beachwood, Ohio   44122

Shana A. Samson
Rademaker, Matty, Henrikson & Greve
55 Public Square
Suite 1775
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

**{¶1}** Defendant-appellant, Becky Joyner, appeals her traffic conviction for speeding. In her three assignments of error, Joyner challenges the verdict as not being supported by sufficient evidence because the state failed to offer (1) expert testimony as to the reliability of the radar unit used to track her speed, or (2) proof of the officer's certification to use the radar device. Finding merit to the appeal, we reverse.

<u>Traffic Citation and Bench Trial</u>

**{¶2}** On August 16, 2011, Joyner was cited for a violation of Beachwood Codified Ordinances ("B.C.O.") 434.03(b)(3) after Beachwood police officer Aaron Lieb clocked her traveling at 57 m.p.h. in a 35 m.p.h. zone on Harvard Road.

**{¶3}** Joyner pleaded not guilty to the charge, and the matter proceeded to a bench trial where the following evidence was presented.

**{¶4}** Officer Lieb testified that he was patrolling the area from Green Road southbound onto Harvard Road eastbound when he observed a vehicle that was traveling westbound at "a high rate of speed" around 1:00 in the afternoon. Office Lieb then activated his Kustom Pro-1000 radar unit — a unit that allows him to track the speed of a moving vehicle while his vehicle is moving.

**{¶5}** Officer Lieb further testified that he determined through his radar unit that the vehicle was traveling at a rate of 57 m.p.h. According to Officer Lieb, the radar unit not only displays the speed of the vehicle being tracked but it also emits an audible tone in response if the vehicle being tracked exceeds 55 m.p.h. Based on the audible tone

and the initial reading, Officer Lieb continued to track the vehicle as it passed his police car to ensure that "the radar was not picking up some other vehicle speed." Officer Lieb testified that, during this time, there were no other vehicles in between Officer Lieb's police car and the speeding vehicle. Officer Lieb further testified that he was located approximately three or four miles away. Officer Lieb then made a U-turn, followed the vehicle, and ultimately activated his lights, pulling the vehicle over. Officer Lieb further stated, however, that a second car was next to Joyner's vehicle at the time that he finally activated his lights.

{¶6} Upon being pulled over, Joyner denied that she was speeding. Officer Lieb nevertheless issued Joyner a citation for speeding.

{¶7} The trial court ultimately found that the city met its burden and found Joyner guilty of the traffic offense. The court fined Joyner $44 and ordered her to pay court costs.

{¶8} Joyner appeals, raising three assignments of error.

<u>Sufficiency of the Evidence and Expert Testimony</u>

{¶9} To convict Joyner of the underlying offense of speeding, it was required for the city to prove beyond a reasonable doubt that Joyner was traveling at a speed greater than 35 m.p.h. *See* B.C.O. 434.03(b)(3).

{¶10} In her first assignment of error, Joyner argues that there was insufficient evidence to convict her. Related to this same point, she argues in her second assignment of error that the trial court erred in finding her guilty of speeding when the city failed to

produce expert testimony as to the accuracy of the radar unit used by Officer Lieb. She attacks the trial court's taking judicial notice of the scientific reliability of the Kustom Pro-1000 radar device without having heard any expert testimony as to its construction and operation.

A. *Judicial Notice of the Scientific Accuracy and Reliability*

**{¶11}** The city counters that the trial court's taking judicial notice in and of itself is sufficient to establish the reliability of the moving radar device. Under Evid.R. 201(B), a judicially noticed fact must not be subject to reasonable dispute in that it is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*

**{¶12}** In support of this proposition, the city relies on *Cincinnati v. Levine*, 158 Ohio App.3d 657, 2004-Ohio-5992, 821 N.E.2d 613 (1st Dist.). But we find the city's reliance on this case misplaced. The *Levine* court recognized only three possible ways by which a trial court could take judicial notice of the reliability of a speed-measuring device: "(1) a reported municipal court decision; (2) a reported or unreported case from the appellate court; or (3) the previous consideration of expert testimony about a specific device where the trial court notes it on the record." *Id.* at ¶ 10. None of those circumstances exist in this case to support the trial judge's taking of judicial notice of the scientific reliability of the Kustom Pro-1000 device at issue.

**{¶13}** And while we acknowledge that this court in *State v. Tisdale*, 8th Dist. No.

89877, 2008-Ohio-2807, has previously held that expert testimony was not needed to establish the general reliability of a radar device, even in the absence of the trial judge taking judicial notice of a reported municipal court decision or an appellate court decision, this case appears to be an outlier of the well-established body of law on the issue. *Compare Moreland Hills v. Gazdak,* 59 Ohio App.3d 22, 550 N.E.2d 203 (8th Dist.1988), syllabus at paragraph two ("Judicial notice of the accuracy of a specific model of radar device cannot automatically be extended to warrant judicial notice of the accuracy of another model of radar device in another case."). *See also State v. Reavis*, 5th Dist. No. 2012-CA-0003, 2012-Ohio-4675, ¶ 3 ("absent expert testimony or judicial notice, [trial court] could not admit evidence of the construction, reliability, accuracy and mode of operation of this device"); *State v. Freitag*, 9th Dist. No. 07CA0082, 2008-Ohio-6573 (trial court could not rely on other case that it heard for purpose of establishing the scientific reliability of the Genesis radar unit at issue because state failed to identify at trial what specific version of the Genesis radar was used to record the defendant's speed); *Levine* at ¶ 12 ("Absent expert testimony, the trial court could not take judicial notice of the LTI 20-20's accuracy and dependability, as well as hear testimony concerning any reading obtained from such a device."); *State v. Saphire*, 2d Dist. No. 2000 CA 39, 2000 Ohio App. LEXIS 5767 (Dec. 8, 2000); *State v. Kirkland*, 3d Dist. No. 8-97-22, 1998 Ohio App. LEXIS 1100 (Mar. 2, 1998); *State v. Schroeder*, 11th Dist. No. 95-G-1907, 1995 Ohio App. LEXIS 3910 (Sept. 8, 1995).

{¶14} We further find *Tisdale* distinguishable from this case because it involved a

radar unit at least discussed and recognized in other cases. The same cannot be said for the Kustom Pro-1000 radar unit. Indeed, we fail to find a single case discussing this model.[1] For that very reason, we find it troubling that the trial judge would take judicial notice of the scientific reliability of the device at issue when it appears that there is no evidence supporting such a conclusion. Without any evidence that the moving radar device at issue is at least vetted and functions in the manner presented by the prosecution, we find that the well-established body of law on the issue precludes a trial judge from taking judicial notice of its scientific reliability and accuracy.

{¶15} Therefore, in the absence of any case recognizing the scientific reliability of the Kustom Pro-1000 moving radar device, we find that the trial court erred in admitting any testimony regarding its reading without the benefit of expert testimony. And while the prosecution need not present expert testimony every time it presents evidence from a Kustom Pro-1000 moving radar device, "the prosecution must do it at least once." *Levine* at ¶ 12. Under such circumstances, the trial court may then take judicial notice of the device's accuracy and dependability, as well as hear testimony concerning any reading obtained from such a device. *Id.*

B.    *Officer's Visual Estimation*

---

[1] We note that the Seventh District in *Columbiana v. Clark*, 7th Dist. No. 11CA28, 2012-Ohio-4573, recently discussed a trial court's taking of judicial notice of a Kustom Signals Pro 1000 doppler radar unit. We cannot say definitively if this is the same radar unit at issue in this case given the slightly different name. But even if it is, we note that the trial court's taking of judicial notice in that case is limited solely to that municipal court and provides no support for this case or district. *Id.* at ¶ 27.

**{¶16}** The city next argues that, even if the radar reading was improperly admitted into evidence, the officer's testimony as to his visual observation was sufficient evidence to support the speeding conviction. Although this may have previously been the law in Ohio, it is no longer. *See Barberton v. Jenney*, 126 Ohio St.3d 5, 2010-Ohio-2420, 929 N.E.2d 1047 (holding that an officer's unaided visual estimate of a vehicle's speed is legally sufficient to convict a person of speeding if there is evidence the officer has the appropriate training, certification, and experience). After the Supreme Court decided *Jenney*, the Ohio General Assembly enacted R.C. 4511.091(C), effective September 30, 2011, which provides in pertinent part:

> No person shall be arrested, charged, or convicted of a violation of any provision of divisions (B) to (O) of section 4511.21 or section 4511.211 of the Revised Code or a substantially similar municipal ordinance based on a peace officer's unaided visual estimation of the speed of a motor vehicle, trackless trolley, or streetcar.

*Id.*

**{¶17}** Thus, contrary to the city's position, the officer's visual estimation is insufficient evidence to convict on the speeding charge. *See Reavis*, 5th Dist. No. 2012-CA-0003, 2012-Ohio-4675.

**{¶18}** We further note that the officer's testimony that he tracked Joyner's vehicle speeding while he was approximately "three to four miles away" does not logically make sense. At oral argument, the city argued that this statement was transcribed incorrectly and that any confusion could be eliminated by examining the videotape of the traffic stop offered by the city. We note, however, that the city never offered any videotape of the

traffic stop into evidence, and therefore, is not part of our record on appeal.

**{¶19}** Accordingly, because we find that the trial court could not take judicial notice of the Kustom Pro-1000's accuracy and dependability, Officer Lieb's testimony concerning the radar unit's measurement was inadmissible. Without this testimony, the city failed to present sufficient evidence to sustain a conviction of B.C.O. 434.03(B)(3).

**{¶20}** The first and second assignments of error are sustained.

**{¶21}** Based on our resolution of these assignments of error, we find Joyner's remaining assignment of error moot.[2]

**{¶22}** Judgment reversed and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

_____

[2] In her third assignment of error, Joyner argues that the city failed to present sufficient evidence, including a copy of any certification, to demonstrate that Officer Lieb was qualified to use the Kustom Pro-1000 radar unit.

LARRY A. JONES, SR., J., and
MARY EILEEN KILBANE, J., CONCUR