CITY OF MIDDLEBURG HEIGHTS, APPELLANT, *v.* QUINONES, APPELLEE.

[Cite as *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811.]

*Municipal courts — Court costs in criminal cases — Local rules — Authority to impose costs on a per charge, rather than on a per case, basis — Cause remanded to trial court.*

(No. 2007-1863 — Submitted October 1, 2008 — Decided December 31, 2008.)

APPEAL from the Court of Appeals of Cuyahoga County,

No. 88242, 2007-Ohio-3643.

_____

### SYLLABUS OF THE COURT

1. Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence. (*State ex rel. Franklin Cty. Commrs. v. Guilbert* (1907), 77 Ohio St. 333, 338, 83 N.E. 80, approved and followed.)

2. R.C. 2947.23(A)(1) specifies that *in all criminal cases*, judges are to include the costs of prosecution in the sentence and render a judgment for such costs.

3. R.C. 1901.26(B) authorizes municipal courts by rule to charge a special-projects fee in addition to all other court costs on the filing of *each criminal cause*.

4. Special projects of the court include, but are not limited to, the acquisition of additional facilities or the rehabilitation of existing facilities, the acquisition of equipment, the hiring and training of staff, community service programs, mediation or dispute resolution services, the

employment of magistrates, the training and education of judges, acting judges, and magistrates, and other related services. (R.C. 1901.26(B)(1).)

_____

**O'DONNELL, J.**

{¶ 1} The city of Middleburg Heights appeals from a decision of the Eighth District Court of Appeals, which concluded, "[C]ourt costs should be assessed for each case and not for each offense." *Middleburg Hts. v. Quinones*, Cuyahoga App. No. 88242, 2007-Ohio-3643, at ¶ 97. We accepted jurisdiction over a narrow issue: whether court costs assessed by municipal courts are to be imposed on a per case or per charge basis. After review, we observe that R.C. 2947.23(A)(1) specifies that *in all criminal cases*, judges are to include the costs of prosecution in the sentence and render a judgment for such costs; however, R.C. 1901.26(B) authorizes municipal courts by rule to charge a special-projects fee in addition to all other court costs on the filing of *each criminal cause*. Here, the record is unclear whether the court has complied with statutory requirements regarding per cause fees and costs. Therefore, we remand this matter to the trial court for further proceedings.

### Facts and Procedural History

{¶ 2} On November 17, 2005, Middleburg Heights Police Officer Raymond Bulka issued a traffic citation to Vincent Quinones alleging four motor vehicle traffic violations. The clerk of the Berea Municipal Court prepared four separate case jackets, one for each violation, all emanating from the same traffic citation. On March 2, 2006, the Berea Municipal Court conducted a bench trial and found Quinones guilty on all four charges. In April, the court imposed

sentence, including three days in jail, a license suspension, $565 in fines, and court costs.[1]

{¶ 3} Quinones appealed to the Eighth District Court of Appeals. The appellate court reversed the convictions for marked-lane and seatbelt violations, but affirmed the convictions for speeding and operating a motor vehicle while intoxicated. The court of appeals also reversed the municipal court's assessment of court costs. Middleburg Heights has now appealed to this court.

{¶ 4} We agreed to review only the issue of whether a municipal court has authority to assess court costs on a per charge basis.

**Propositions of Law**

{¶ 5} The city presents two propositions of law: the statutory language of R.C. 1901.26(B) allows local court costs to be imposed on a per charge rather than on a per case basis, and those court costs may be charged on a per charge basis if authorized by municipal court rule. Because these propositions of law relate to the same question – whether R.C. 1901.26(B) authorizes the municipal court to assess court costs for each offense – we address them together.

{¶ 6} Middleburg Heights contends that R.C. 1901.26(B) authorizes the Berea Municipal Court, pursuant to its local rule, to assess its local court costs on each of Quinones's four separate convictions. It notes that the court of appeals failed to address R.C. 1901.26(B) in its holding that municipal courts could impose court costs on only a per case basis.

{¶ 7} Quinones, on the other hand, urges that R.C. 1901.26(B) does not permit the court to impose court costs four separate times. While Quinones recognizes that R.C. 1901.26(B) authorizes the municipal court by rule to impose a fee on the filing of "each criminal cause" to pay for special projects of the court,

---

1. A review of the record indicates that the costs are $588. At oral argument, counsel for Quinones suggested that the court had imposed $1,176 in costs, but this amount is disputed by the city in its brief filed in our court.

he contends that there is nothing in the record to show that the municipal court either adopted a special-projects fee by local rule or that the amount the court imposed was based entirely on special-project fees assessed on the filing of those criminal causes.

## Law and Analysis

{¶ 8} Our analysis begins with the criminal-costs statutes. R.C. 2947.23(A)(1) provides, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." The phrase "costs of prosecution" has not been statutorily defined. However, this court clarified the term "costs" in *State ex rel. Franklin Cty. Commrs. v. Guilbert* (1907), 77 Ohio St. 333, 338, 83 N.E. 80: "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence." See also *State v. Perz*, 173 Ohio App.3d 99, 2007-Ohio-3962, 877 N.E.2d 702, at ¶ 36, 42 (holding that costs of prosecution are those expenses directly related to the court proceeding and remanding for the trial court to determine "the actual costs of prosecution"); *State v. Christy*, Wyandot App. No. 16-04-04, 2004-Ohio-6963, at ¶ 22 ("The expenses which may be taxed as costs in a criminal case are those directly related to the court proceedings and are identified by a specific statutory authorization"); *State v. Holmes*, Lucas App. No. L-01-1459, 2002-Ohio-6185, at ¶ 20 ("The 'costs of prosecution' * * * are the court costs incurred in the prosecution of the case").

{¶ 9} Ordinarily, a court may impose as court costs only those costs specifically authorized by statute. See *Cave v. Conrad* (2002), 94 Ohio St.3d 299, 302, 762 N.E.2d 991, quoting *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 138 N.E.2d 660 (" 'The subject of costs is one entirely

of statutory allowance and control' "); *Guilbert*, 77 Ohio St. at 339, 83 N.E. 80 ("Costs * * * are allowed only by authority of statute * * *"). R.C. 2947.23(A)(1) imposes a mandatory obligation on trial judges in all criminal cases to include in the sentence the costs of prosecution and to render a judgment therefor. It does not specifically authorize imposition of these costs for each offense committed. This interpretation conforms to the legislature's purpose in imposing court costs on a defendant convicted of a crime – to finance the court system, not to punish the defendant additionally on each charge. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, at ¶ 15; *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 102, 49 O.O.2d 428, 253 N.E.2d 749.

{¶ 10} This, however, does not end our analysis because we recognize that while trial judges are obligated to render a judgment for costs of prosecution on a per case basis, although they may be made up of a number of charges or "causes," we also understand that the General Assembly has specifically vested the judges of the municipal courts with authority to impose special-project fees in addition to court costs.

{¶ 11} Middleburg Heights bases its argument on R.C. 1901.26(B)(1), which provides: "The municipal court may determine that, for the efficient operation of the court, additional funds are necessary to acquire and pay for special projects of the court including, but not limited to, the acquisition of additional facilities or the rehabilitation of existing facilities, the acquisition of equipment, the hiring and training of staff, community service programs, mediation or dispute resolution services, the employment of magistrates, the training and education of judges, acting judges, and magistrates, and other related services. Upon that determination, the court by rule may charge a fee, in addition to all other court costs, on the filing *of each criminal cause*, civil action or proceeding, or judgment by confession." (Emphasis added.)

**{¶ 12}** Thus, the municipal court may determine that for the efficient operation of the court, additional funds are necessary to acquire and pay for special projects of the court. Special projects of the court include, but are not limited to, the acquisition of additional facilities or the rehabilitation of existing facilities, the acquisition of equipment, the hiring and training of staff, community service programs, mediation or dispute resolution services, the employment of magistrates, the training and education of judges, acting judges, and magistrates, and other related services.

**{¶ 13}** "Criminal cause" is defined in R.C. 1901.26(B)(2)(a) as "a charge alleging the violation of a statute or ordinance, or subsection of a statute or ordinance, that requires a separate finding of fact or a separate plea before disposition and of which the defendant may be found guilty, whether filed as part of a multiple charge on a single summons, citation, or complaint or as a separate charge on a single summons, citation, or complaint. 'Criminal cause' does not include separate violations of the same statute or ordinance, or subsection of the same statute or ordinance, unless each charge is filed on a separate summons, citation, or complaint."

**{¶ 14}** Thus, the plain language of R.C. 1901.26(B) specifies that if a municipal court determines that for the efficient operation of the court, additional funds are necessary to acquire and pay for special projects of the court, it may by rule charge a fee in addition to other court costs on the filing of each criminal cause, civil action or proceeding, or confession of judgment.

**{¶ 15}** From this record, we are unable to segregate the costs of prosecution assessed in this case from the special-projects fees imposed by court rule. Accordingly, the matter is remanded to the trial court to clarify its imposition of costs in conformity with this opinion and the decision of the court of appeals that has reversed two of the convictions.

Judgment accordingly.

6

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

_____

Peter H. Hull, Middleburg Heights Prosecuting Attorney, for appellant.

Patrick P. Leneghan Jr., for appellee.

Gregory M. Sponseller, Berea Law Director, and Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A., David M. Cuppage, and Scott D. Simpkins, urging reversal for amici curiae, Raymond J. Wohl, Clerk of Court of the Berea Municipal Court, and the city of Berea.

_____