[Cite as *Lakewood v. Calanni*, 2012-Ohio-699.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96844

---

## CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs.

## CHARLES CALANNI

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2010 CRB 02452

**BEFORE:** Sweeney, J., Blackmon, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** February 23, 2012

**ATTORNEY FOR APPELLANT**

John J. Frank, Esq.
John J. Frank Co., L.P.A.
7377 Magnolia Drive
Seven Hills, Ohio 44131

**ATTORNEY FOR APPELLEE**

Pamela L. Roessner, Esq.
Assistant Prosecutor
City of Lakewood
12650 Detroit Avenue
Lakewood, Ohio 44107

JAMES J. SWEENEY, J.:

{¶1} Defendant-appellant Charles Calanni ("defendant") appeals his conviction of failure to comply with a city of Lakewood ("the City") correction notice. After reviewing the facts of the case and pertinent law, we affirm.

{¶2} Defendant has owned and operated an automobile service station in Lakewood since 1979. On November 2, 2010, the City issued defendant a correction notice for, among other violations, failure to "provide/maintain properly sized parking spaces in front parking lot per the attached plan of approved ABR docket #5-27-84 (1143)." Attached to this notice was a copy of the referenced parking plan, which illustrated eight parking spots.

{¶3} After continued non-compliance, on December 14, 2010, the City issued a citation against defendant for "failure to comply — building violations" in violation of Lakewood Codified Ordinances ("L.C.O.") 1306.99. Specifically, the complaint reads, in part, as follows: Defendant

* * * refused, neglected, or failed to comply with a notice requiring the abatement or removal of a violation or requiring compliance with any provisions of this code or any rule or regulation there under * * * in violation of Section 1306.99 of the Lakewood Codified Ordinances, to wit: 1. Failure to provide/maintain properly sized parking spaces in front parking lot, in violation of L.C.O. Chapter 1143.

**{¶4}** Defendant did not appeal this notice to the Board of Zoning Appeals.

**{¶5}** The case went to trial, and on April 29, 2011, the court found defendant guilty as cited. Defendant appeals and raises two assignments of error for our review.

I.

The trial court erred by retroactively applying the City of Lakewood's Codified Ordinance[s] Chapter 1143 to appellant's property use, thereby violating appellant's Constitutional right to due process of the law.

**{¶6}** Specifically, defendant argues that L.C.O. Chapter 1143, which was enacted in 1996, should not apply to his parking lot, which he has maintained in the same manner since 1984. However, upon review of the record, we find that the City did not apply L.C.O. Chapter 1143 to defendant's property. Rather, the City notified defendant that he was in violation of a parking layout that was unique to defendant's property and effectively acted as a zoning variance, which the City approved in May 1984. Defendant did not correct this violation or file an administrative appeal pursuant to L.C.O. 1171.04. *See also* R.C. 2506.01 (governing the procedure for appealing from a political agency or subdivision's decision).

**{¶7}** Subsequently, the City issued a failure to comply citation in violation of L.C.O. 1306.99(a), which states in pertinent part, as follows:

Whoever * * * refuses, neglects, or fails to comply with a notice requiring the abatement or removal of a violation or requiring compliance with any provisions of this Code or other applicable Codes or any rule or regulation hereunder * * *, or maintains a use * * * prohibited by the Code * * * shall be guilty of a misdemeanor * * *.

**{¶8}** Although the correction notice, as well as the citation, referenced L.C.O. Chapter 1143, the record is clear that defendant was found guilty of violating L.C.O. 1306.99.

**{¶9}** Defendant has previously made a similar argument in this court. In *Lakewood v. Calanni,* 8th Dist. No. 95610, 2011-Ohio-3465, defendant challenged his conviction for failure to comply with a notice of violation pursuant to L.C.O. 1306.99, based on the underlying violation of repairing vehicles on the sidewalk, rather than in the shop's service area. This court affirmed defendant's conviction, noting that defendant was prosecuted for failure to comply and that he waived the right to challenge the merits of the notice of violation by failing to appeal. *Id.* at ¶20.

**{¶10}** Accordingly, the court did not retroactively apply L.C.O. Chapter 1143 to defendant's property and his first assignment of error is overruled.

**{¶11}** In defendant's second assignment of error, he argues as follows:

II.

The trial court erred by finding appellant was guilty of a citation for a use of his property that was lawful at the time the business and its parking facilities were established.

**{¶12}** Defendant's argument is based on the mistaken belief that he was convicted of violating L.C.O. Chapter 1143. As stated in our analysis of his first assignment of error, this was not the case. Evidence in the record shows that, to be in compliance with his approved 1984 parking scheme, defendant could have up to eight vehicles parked in the front lot of the property. The City inspector testified that defendant was cited for having at least 12 vehicles parked in the front lot; at no time was this ever lawful. *See C.D.S., Inc. v. Gates Mills*, 26 Ohio

St.3d 166, 497 N.E.2d 295 (1986) (holding that "'nonconforming use' is a term of art * * * employed to designate a use of property which was lawful prior to the enactment of a zoning ordinance and which use may be continued after the effective date of the ordinance") (emphasis omitted).

{¶13} Accordingly, the court did not err by finding defendant guilty of failure to comply, and defendant's second assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR