[Cite as *Strongsville v. Semenchuk*, 2013-Ohio-3247.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99257

---

## CITY OF STRONGSVILLE

PLAINTIFFS-APPELLEES

vs.

## ELIZABETH SEMENCHUK

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Berea Municipal Court
Case No. 11 TRC 04324

**BEFORE:** Rocco, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

-i-

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEY FOR APPELLEES**

George F. Lonjak
City of Strongsville Prosecutor
614 Superior Avenue
Suite 1310
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

{¶1} After entering a plea of no contest in Berea Municipal Court to the charge of operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a)("OVI"), defendant-appellant Elizabeth Semenchuk appeals from her conviction and from the sentence imposed.

{¶2} Semenchuk presents five assignments of error. She claims the municipal court violated her constitutional right to due process of law in accepting her plea because, prior to asking her if she wanted to change her plea from "not guilty," the court: (1) failed to inform her of the potential penalties involved; (2) and (5) failed to explain fully the effect of a no contest plea; and (3) failed to require her to personally state that she pleaded no contest. Semenchuk also claims in her fourth assignment of error that the municipal court improperly imposed a fine and ordered her to pay the costs of the action, because she stated during the sentencing hearing that she was indigent.

{¶3} Upon a review of the record, this court cannot find merit to any of Semenchuk's claims. Consequently, Semenchuk's conviction and sentence are affirmed.

{¶4} According to the record, a Strongsville police officer cited Semenchuk on September 9, 2011 for three traffic violations. Semenchuk was cited for OVI in violation of R.C. 4511.19(A)(1)(a), and two violations of the Strongsville municipal code, i.e., failure to maintain an assured clear distance (speed), and operating a vehicle with a

prohibited blood alcohol concentration ("BAC"). Her case went to the Berea Municipal Court, where she pleaded not guilty to the offenses.

{¶5} Eventually, the prosecutor and Semenchuk's retained defense attorney notified the court that a plea agreement had been reached. On August 31, 2012, the municipal court called Semenchuk's case for a hearing on the matter. Semenchuk and her attorney were present.

{¶6} The municipal court judge began the proceeding by stating to Semenchuk that it was his understanding that she had "convinced the Prosecutor to dismiss the BAC over .17 and the Assured Clear Distance * * * ." This left only the OVI.[1] The judge further noted that " as a part of the plea bargain," Semenchuk had "agreed to pay the court costs on those dismissed charges."[2]

{¶7} Although Semenchuk's attorney verified that those were the terms of the plea agreement, the judge nevertheless asked Semenchuk personally if that were also her understanding; she replied "Yes." When the judge asked what Semenchuk's plea would be to the remaining charge, defense counsel stated: "No contest, contest (sic) to finding guilty."

{¶8} The transcript indicates this exchange then followed:

> THE COURT: Ms. Semenchuk, you know that [your attorney] is an excellent lawyer and I'm sure that he has reviewed with you the

---

[1]The case jacket bears the notation: "M-1."

[2]It is also possible that, as a part of the plea agreement, the prosecutor labeled the case file with the notation that the OVI was an "M-1." See fn. 4.

consequences of a no contest plea, but the Supreme Court requires that I have a dialogue with you in that regards so be advised when you plead no contest, you're not admitting guilt to the charge itself, but you are admitting that the facts that the charge is based on [are] true. So, you can assume that I'd find you guilty but the results of the plea can't be used against you later on in a civil or criminal proceeding. Do you understand that?

MS. SEMENCHUK: Yes, Your Honor.

THE COURT: I'll accept a no contest, find guilty, refer to probation for a PSI.

[DEFENSE COUNSEL]: Thank you.

THE COURT: Anything else, [Counsel]?

DEFENSE COUNSEL: No, Your Honor.

THE COURT: * * * Good luck to you, Miss.

MS. SEMENCHUK: Thank you.

{¶9} The municipal court's docket reflects the dismissal of the other two charges against Semenchuk and the court's finding of guilt on the remaining charge after her no contest plea. On October 26, 2012, Semenchuk's case was called for sentencing.

{¶10} After permitting both Semenchuk and her attorney to make mitigatory statements, the court for the first time noted that, upon his review of her criminal record, the instant case was Semenchuk's "sixth alcohol-related driving offense"[3] and that she had been convicted of many offenses in the last four years. The court further noted that Semenchuk committed the instant offense within a year of serving a six-month jail term for driving under the influence.

---

[3]See fn. 4.

**{¶11}** Based upon these observations, Semenchuk was sentenced to serve 120 days in jail, fined $850.00 plus court costs, placed upon strict probationary conditions upon her release from jail, and lost her driving privileges for ten years. The court warned Semenchuk that if she violated her probation for any reason, she would face "another $1900 in fines" and "another 145 days in jail."

**{¶12}** Semenchuk worried that she would be unable to obtain her medication for her thyroid condition. The court reassured her and told her attorney that it would consider a motion to mitigate the sentence after "45 days or so." Neither Semenchuk or her attorney made any further comments.

**{¶13}** Semenchuk appeals from her conviction and the sentence imposed with four assignments of error.

**I. Defendant was denied due process of law when the court accepted a no-contest plea without explaining any of the penalties.**

**II. Defendant was denied due process of law when the court did not fully explain to defendant the effect of a no-contest plea.**

**III. Defendant was denied due process of law when the court did not request a personal plea of no contest from defendant.**

**IV. Defendant was denied due process of law when the court imposed costs and a fine after notification that she was indigent.**

**V. Defendant was denied due process of law when the court accepted a no contest plea contrary to law.**

{¶14} Semenchuk's first, second, third and fifth assignments of error all challenge her no contest plea; therefore, they are appropriately addressed together. She claims that the municipal court should not have accepted her plea without informing her: (1) of the potential penalties involved, (2) and (5) of the effect of her plea in a more particular manner, and, further, (3) without asking her to state personally her plea to the charge. None of these claims has merit.

{¶15} In this case, the court's case file indicates that Semenchuk was charged with a first-degree misdemeanor. Notably absent from the argument in Semenchuk's appellate brief with respect to these assignments of error is any mention of the Ohio Supreme Court's opinion on the issues she presents, viz., *State v. Watkins,* 99 Ohio S.3d 12, 2003-Ohio-2419, 788 N.E.2d 635. At the syllabus, *Watkins* held as follows:

> When a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by *informing the defendant of the information contained in Traf.R. 10(B)*. (Emphasis added.)

At ¶ 11-13, the *Watkins* court noted:

> Traf.R. 10 addresses pleas and a defendant's rights when pleading. Traf.R. 10(D) addresses misdemeanor cases involving petty offenses. A "petty offense" is defined in Traf.R. 2 as "an offense for which the penalty prescribed by law includes confinement for six months or less." It is undisputed that *appellant's offense was a petty offense*. Traf.R. 10(D) reads:

> "In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas *without first informing the defendant of the effect of the plea* of guilty, no contest, and not guilty."

The *effect of a no contest plea is defined in Traf.R. 10(B)(2)*:

"The plea of no contest *is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding*." (Emphasis added.)

At ¶ 25-28, the *Watkins* court explained:

A judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged. Crim.R. 11 distinguishes between "pleas of guilty and no contest in felony cases" (Crim.R. 11[C]), "misdemeanor cases involving serious offenses" (Crim.R. 11[D]), and "misdemeanor cases involving petty offenses["] (Crim.R. 11[E]). The requirements placed upon a court take steady steps that culminate in Crim.R. 11(C).

In all cases, the judge must inform the defendant of the effect of his plea. In felony cases and misdemeanor cases involving serious offenses, a judge must also "address the defendant personally" and "determine that the defendant is making the plea voluntarily.*"*

The same requirements placed upon a judge by Crim.R. 11(D) and (E) for defendants charged with committing serious and petty offenses, respectively, are also set forth in Crim.R. 11(C)(2) and (C)(2)(b) for felony defendants. *For felony defendants, and only felony defendants, Crim.R. 11(C)(2)(c) adds something extra* and separate -- the judge must also inform the defendant of all the rights attendant to the trial that he is foregoing. Crim.R. 11(C)(2)(c) is not a definitional section defining what is meant by the Crim.R. 11(C)(2)(b) requirement that the judge explain the effect of the guilty or no contest plea. It is a separate part of the statute spelling out additional requirements in felony cases that are not required in misdemeanor cases. If Crim.R. 11(C)(2)(c) were merely defining what it means to instruct a defendant as to the effect of his plea, similar

language would have been included in Crim.R. 11(D) and (E). *That language is missing in the rules because those protections are not required for misdemeanor defendants.*

In felony cases, the Ohio and United States Constitutions require that a defendant entering a guilty plea be "informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses on his behalf." *State v. Ballard* (1981), 66 Ohio St.2d 473, 478, 20 O.O.3d 397, 423 N.E.2d 115. Crim.R. 11(C) sets forth how a judge should explain those rights to a defendant. However, *there are no such constitutionally mandated informational requirements for defendants charged with misdemeanors*. The protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses. Accordingly, we find that *where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B).* (Emphasis added.)

**{¶16}** The court in *Watkins*, therefore, clearly rejected the cases which Semenchuk cites as authority for her first three assignments of error. *See, e.g., State v. Ivy*, 7th Dist. No. 01-CA-191 (decided prior to *Watkins*) ; *City of Kirtland v. Clark*, 12th Dist. No. 2011-L-090, 2012-Ohio-3889 (did not cite *Watkins*); *compare City of Cleveland v. Adams*, 8th Dist. No. 97523, 2012-Ohio-1063 (municipal court *completely* failed to inform defendant of effect of no contest plea); *City of Parma v. Pratts*, 8th Dist. No. 94990, 2011-Ohio-708 (same). Moreover, unlike the mistake made by this same municipal court in *City of North Royalton v. Semenchuk*, 8th Dist. No. 95357, 2010-Ohio-6197, in this case, the record clearly demonstrates that the municipal court complied with its duties as set forth in *Watkins*. Thus, the court committed no error. *State v. Jones*, 116 Ohio St. 3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph one of the syllabus.

**{¶17}** The municipal court addressed Semenchuk personally and adequately explained the effect of a no contest plea. Then, when the court asked Semenchuk what her plea was, she simply permitted her attorney to answer that she pleaded no contest. The court properly accepted Semenchuk's plea under these circumstances.

**{¶18}** Semenchuk's first, second, third, and fifth assignments of error, accordingly, are overruled.

**{¶19}** In her fourth assignment of error, Semenchuk argues that the municipal court abused its discretion in imposing a fine and court costs as part of her sentence when she stated at the sentencing hearing that she was indigent. This assignment of error also lacks merit.

R.C. 2947.23(A) states in pertinent part:

> (A) (1) (a) In all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.

**{¶20}** In interpreting this statute, this court has stated that the use of the word "shall" denotes that "compliance is necessary." *City of Cleveland v. Tighe*, 8th Dist. Nos. 81767 and 81795, 2003-Ohio-1845, ¶ 9; *see also City of Cleveland v. Burks*, 8th Dist. No. 86080, 2005-Ohio-3688. The court in *Tighe* nevertheless went on to note at ¶ 15 that:

> It is recognized that municipal * * * courts, by their nature, require judges to make decisions on financial sanctions and court costs with limited information and within limited time. Broad discretion is to be given to municipal * * * trial judges when determining, under the totality of circumstances, the question of an individual's status as an indigent and the

person's ability to pay costs. Requiring the filing of formal affidavits of indigency, or requiring specific language or "magic words" on the record, will only serve to overburden municipal and county trial courts. Such measures will not reasonably foster the fair assessment of a person's ability to pay court costs. At a minimum, the *finding of indigency should be clear from the record and be based on a reasonable consideration of the circumstances in existence at the time* of the finding, including the individual's financial condition.   (Emphasis added.)

**{¶21}** In this case, Semenchuk agreed as part of the plea bargain that she would pay the court costs of the dismissed charges.  *City of Middleburg Heights v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, paragraphs one through four of the syllabus.   The municipal court reasonably could have concluded under these circumstances that Semenchuk would have no difficulty in additionally paying the mandatory costs of the remaining charge, i.e., her conviction.   After the court pronounced sentence, moreover, Semenchuk did not object that she lacked the means to pay the costs.  *Compare State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278 (trial court did not inform defendant at sentencing hearing that he would be required to pay costs, thus denying defendant the opportunity to raise the issue of his indigency).

**{¶22}** As to the fines imposed for Semenchuk's conviction, her argument is misplaced.[4]   R.C. 4511.19(G)(1) provides in pertinent part:

---

[4]This court is of the belief that Semenchuk's argument may have merit, but not for the reasons she puts forward.   At the sentencing hearing, the court addressed Semenchuk and, for the first time, stated that "[t]his [was her] sixth alcohol-related driving offense * * * overall."   Although the record contains no evidence to support these statements, if this is correct, R.C. 4511.19(G)(1)(d) applies.   That section provides in pertinent part:

(D) * * * [A]n offender who, within six years of the offense,

(c) * * * [A]n offender who, within six years of the offense, previously has been convicted of or pleaded guilty to two violations of division (A) or (B) of this section or other equivalent offenses, is guilty of a misdemeanor. The court *shall* sentence the offender to all of the following:

* * *

(iii) In all cases, notwithstanding the fines set forth in Chapter 2929. of the Revised Code, a fine of not less than eight hundred fifty and not more than two thousand seven hundred fifty dollars[.]

**{¶23}** Once again, this language is mandatory. The record reflects that, following the court's announcement of the $850.00 fine, neither Semenchuk nor her retained attorney protested that she lacked the ability to pay. *Compare Joseph.*

**{¶24}** Moreover, the record does not contain any actual evidence that Semenchuk lacked the ability to pay the mandatory fine. *See State v. Bailey*, 11th Dist. No. 2006-G-2734, 2007-Ohio-6160, ¶ 29-31. The lower court had the benefit of a

---

previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses, or an offender who, *within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree.* The court shall sentence the offender to all of the following:

* * *

(iii) In all cases, notwithstanding the fines set forth in Chapter 2929.88 of the Revised Code, a fine of not less than one thousand three hundred fifty nor more than ten thousand dollars[.]

As previously stated, this language is mandatory. Therefore, if the court's comments during the sentencing hearing were correct, the $850.00 fine was a minor price to pay for her sixth conviction. It appears that the charge the prosecutor brought against Semenchuk may have been faulty.

presentence report, and Semenchuk had the services of a retained attorney to represent her in the proceeding. Semenchuk neither supplied any documentation that suggested she was indigent, nor filed a motion to stay payment of the fine and costs pending her appeal of her conviction. Finally, the record reflects Semenchuk paid the fines and costs imposed.

{¶25} Under the foregoing circumstances, the imposition of a fine and court costs upon Semenchuk for her conviction cannot be said to constitute an abuse of discretion. Consequently, her fourth assignment of error is overruled.

{¶26} Semenchuk's conviction and sentence are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR