[Cite as *Lakewood v. Calanni*, 2013-Ohio-5590.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99966**

---

## CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs.

## CHARLES CALANNI

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART;
REVERSED IN PART

---

Criminal Appeal from the
Lakewood Municipal Court
Case Nos.   2012 CRB 01849, 2012 CRB 01850, 2012 CRB 01851,
2012 CRB 01852, 2012 CRB 01853, 2012 CRB 01854, 2012 CRB 01855,
2012 CRB 01856, 2012 CRB 01857, 2012 CRB 01858, 2012 CRB 01859,
2012 CRB 01860, 2012 CRB 01861, 2012 CRB 01862, 2012 CRB 01863,
2012 CRB 01864, 2012 CRB 01865, 2012 CRB 01866, 2012 CRB 01867,
2012 CRB 01868, 2012 CRB 01869, 2012 CRB 01870,
2012 CRB 01871, 2012 CRB 01872, and 2012 CRB 01873
**BEFORE:**   Blackmon, J., Boyle, P.J., and Jones, J.
**RELEASED AND JOURNALIZED:**   December 19, 2013

-i-

**ATTORNEY FOR APPELLANT**

John B. Gibbons
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Pamela L. Roessner
Chief Prosecutor
City of Lakewood
12650 Detroit Avenue
Lakewood, Ohio 44107

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Charles Calanni ("Calanni") appeals from the Lakewood Municipal Court's imposition of court costs and assigns the following two errors for our review:

> I. The trial court erred in the underlying case by assessing multiple court cost amounts for each underlying conviction.
>
> II. The trial court erred in the underlying case by seizing Charles Calanni's valid Ohio Driver's license when the sole purpose of said seizure was to compel the immediate payment of court costs.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision as to the imposition of court costs, but reverse the trial court's ordering Calanni to forfeit his driver's license. The apposite facts follow.

{¶3} Calanni is the owner of Calanni Enterprises, Inc., which is a car repair shop located on Madison Road in Lakewood, Ohio. Calanni was charged with 25 building code violations pursuant to Lakewood Cod. Ord. 1306.99 that occurred over a five-month period from May 9, 2012 to October 2, 2012. The charges arose from Calanni's repeated failure to comply with the Lakewood Zoning Code regarding the parking of vehicles at his business. The zoning code that is the basis for the charges was unsuccessfully challenged by Calanni in two prior cases that were affirmed by this court. *Lakewood v. Calanni*, 8th Dist. Cuyahoga No. 96844, 2012-Ohio-699, and *Lakewood v. Calanni*, 8th Dist. Cuyahoga No. 95610, 2011-Ohio-3465.

{¶4} As part of a plea bargain, Lakewood dismissed 15 of the charges, and Calanni pled no contest to the remaining ten charges. Court costs were not assessed for

the dismissed charges, but Calanni was ordered to pay fifty dollars in fines (out of a possible $1,000) for each of the ten charges to which he pled, along with court costs for each violation. The court costs amounted to approximately $115 for each case. Because of Calanni's past refusal to pay the fines or court costs, the trial court held Calanni's driver's license as bond to induce Calanni to pay.

{¶5} Calanni filed a motion to modify judgment in which he contested the imposition of court costs for each of the ten charges he pled to and also contested the trial court's holding of his driver's license as bond. In a four-page opinion, the trial court denied Calanni's motion.

## Court Costs

{¶6} In his first assigned error, Calanni argues the trial court erred by assessing court costs for each of the ten charges. Specifically, Calanni argues the charges were part of a series of acts and should have been assigned one case number with one court cost imposed. He also argues that all of the counts alleged the same conduct, thus minimal costs were incurred because the trial court did not have to perform extensive work on each violation.

{¶7} Calanni contends that the cases were consolidated under one case number, however, the record does not show that this in fact occurred. Calanni filed a consolidated motion to dismiss instead of filing 25 separate motions. However, this appears to be because he did not want to file 25 separate motions to dismiss. Calanni never requested, and the court never ordered, that the cases be consolidated.

**{¶8}** Due to the failure of Calanni to request a consolidation of the complaints prior to being sentenced, we conclude the trial court did not err by refusing to consolidate the cases after judgment. Calanni should have objected to the multiple cases prior to entering his plea. It is only after the fact that Calanni sought to place the cases under one case number. Crim.R. 12 and R.C. 2941.29, both require defects in the complaint or indictment to be raised by motion before the commencement of trial or the objections are waived. Calanni's attempt to consolidate after the sentences were entered was too late to raise an objection. *State v. Pasqualone,* 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270, ¶ 40. Thus, we can only reverse regarding this assigned error if there is plain error.

**{¶9}** We conclude plain error did not occur. Calanni pleaded guilty to violating Lakewood Cod. Ord. 1306.99 in ten separate cases. Lakewood Cod. Ord. 1306.99 provides as follows:

> Whoever refuses, neglects, or fails to comply with an order to stop work issued under the provisions of this Code or other applicable Codes of the City; or refuses, neglects, or fails to comply with a notice to repair, rehabilitate, or demolish a building or other structure declared to be unsafe under the provisions of this Code, or refuses, neglects, or fails to comply with a notice requiring that abatement or removal of a violation or requiring compliance with any provisions of this Code or other applicable Codes or any rule or regulation hereunder within the time limit set forth in such notice, or maintains a use or occupancy prohibited by this Code; shall be guilty of a misdemeanor and upon conviction thereof shall be fined not less than twenty-five dollars ($25.00) nor more than one-thousand dollars ($1,000) for a first offense, and for a second or subsequent offense shall be guilty of a misdemeanor of the first degree. *Each day such violation occurs or continues shall constitute a separate offense.* (Emphasis added.)

**{¶10}** Thus, pursuant to the language in the ordinance, each day that Calanni refused to comply with the parking plan constituted a separate offense.

**{¶11}** R.C. 2947.23 creates a mandatory duty to impose court costs in all criminal cases. *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, paragraph two of the syllabus. R.C. 2937.23(D)(1) defines the term "case" as:

"Case" means a prosecution of all of the charges that result from the same act, transaction, or series of acts or transactions and that are given the same case type designator and case number under Rule 43 of the Rules of Superintendence for the Courts of Ohio or any successor to that rule.

**{¶12}** Sup.R. 43 provides:

Where as a result of the same act, transaction, or series of acts or transactions, a defendant is charged with a felony or felonies and a misdemeanor or misdemeanors, including traffic offenses, the defendant shall be assigned separate case numbers, for the felony or felonies and one for each other type of offense.

**{¶13}** Thus, where a defendant is charged with different level offenses arising out of the same act, they each are assigned their own case number. If the offenses are all one level and arise out of a same act or series of acts or transactions, they should be assigned one number.

**{¶14}** In the instant case, each complaint cites to the same ordinance that was violated. However each complaint alleges a different date of noncompliance over a five-month period. The trial court found that these offenses did not arise out of a series of acts or transactions, but were "separate, daily acts of intentional disregard by the defendant over a span of many months." Journal entry, May 30, 2013, page 2. We agree. Due to the sporadic nature regarding when the citations were issued, it appears each violation was an individual act. The cases that he pled to were committed weeks

and sometimes months apart. Although on appeal Calanni argues the parking violations concerned the same cars, there is no evidence of this in the record.

{¶15} Calanni also argues that because the violations concerned the same conduct, additional work was not necessary for all of the cases; therefore, no additional court costs were incurred. However, as the trial court stated in its opinion:

> The record shows, however, that each case was created based upon a separate criminal complaint. Each complaint was separately served upon the defendant. Each entry of appearance, motion, response brief and court orders were separately entered on all twenty-five cases. Thus, considerable work was required on each case by the clerk of court.

Journal entry, May 30, 2013, page 3.

{¶16} Thus, administrative work was necessary to maintain each file, increasing the work load as a result.

{¶17} Accordingly, Calanni's first assigned error is overruled.

### Driver's License as Bond

{¶18} In his second assigned error, Calanni argues that the trial court did not have the authority to confiscate his driver's license to force him to pay the fines and court costs.

{¶19} The trial court confiscated Calanni's driver's license based on his past behavior in prior cases where he refused to pay the fine or court costs. The trial court informed Calanni that if he paid the fine and costs within two weeks, his license would be returned to him. The trial court justified this action by relying on R.C. 2937.221, 2935.27, 4507.091, and 1901.44. The trial court's reliance on these statutes is misplaced.

**{¶20}** R.C. 2937.221 only applies when a defendant voluntarily gives the court his or her license as bond. R.C. 2937.221 provides that a defendant "may post bond by depositing the license with the arresting officer if the officer and person so choose, or with the local court having jurisdiction if the court and person so choose." Here, Calanni was forced to hand over his license; therefore, R.C. 2937.221 does not apply.

**{¶21}** R.C. 2935.27 applies to situations where the defendant fails to appear or "fails to comply with or satisfy any judgment of the court." Therefore, the forfeiture of the license can only occur after the defendant fails to comply with the court order. Here, the trial court prematurely confiscated the license based on Calanni's past behavior in other cases. He had not failed to comply with the current court order at the time the court confiscated the license.

**{¶22}** R.C. 4507.091 concerns advising the Registrar of the Bureau of Motor Vehicles of an outstanding arrest warrant. There was no evidence that an outstanding arrest warrant was at issue in the instant case.

**{¶23}** R.C. 1901.44, which was recently enacted in March 2013, allows the trial court to block a license registration under the following circumstances:

> (B) If a person is charged with an offense in municipal court and either fails to appear in court at the required time and place to answer the charge or pleads guilty to or is found guilty of the offense and fails within the time allowed by the court to pay any fine or costs imposed by the court, unless the court previously has given written notice to the person, the court shall send the person a notice by ordinary mail at the person's last known address stating that there is a balance due, specifying the amount of the balance due, and directing the person to contact the court clerk's office within ten days of the date of the notice. The notice shall include the sentence: "WARNING: Failure to timely respond to this notice may result in the blocking of your motor vehicle registration or transfer of registration!" To avoid a block on the person's motor vehicle registration or transfer of

registration, the person may enter into a written agreement with the court to pay the balance due in installments or to perform community service in lieu of payment. The agreement shall include the sentence: "WARNING: Failure to comply with the payment schedule or to complete your community service requirement may result in the blocking of your motor vehicle registration or transfer of registration!"

{¶24} Thus, R.C. 1901.44 allows the court to block the defendant's registration of his or her vehicle, but only upon the defendant's failure to appear or pay the fine or costs, and only after given the requisite notice. Here, the trial court confiscated the license at the same time that it entered the order. No notice was given. The statute also only concerns the registration of the defendant's vehicle, not the defendant's driver's license. Finally, Calanni had not yet failed to pay; therefore, the trial court's ordering the forfeiture of Calanni's license was premature.

{¶25} The City cites to *Akron v. Wendell*, 70 Ohio App.3d 35, 590 N.E.2d 380 (9th Dist.1990), in support of its argument that the trial court properly confiscated the license. However, in *Wendell*, the defendant paid the fine, and his license was returned to him. Therefore, the court found the issue was moot. In the instant case, there is no indication that the trial court returned Calanni's license. In fact, in his appellate brief, Calanni requests that this court order the return of his license.

{¶26} The City argues that Crim.R. 46 also gave the court the authority to confiscate the license. However, Crim.R. 46 deals with bail. Bail is used to guarantee the defendant's appearance at court proceedings, not the payment of a fine or court costs.

**{¶27}** Based on our reading of the above statutes and rules, the trial court erred by ordering Calanni to forfeit his license.  Accordingly, Calanni's second assigned error is sustained, and the trial court is ordered to return Calanni's driver's license.

**{¶28}** Judgment affirmed in part and reversed in part.

It is ordered that appellant and appellee equally share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR