O’Donnell, J.,
concurring.
{¶ 52} I concur in the majority opinion that a common pleas court has no authority to review and vacate an order of a municipal court, and that while it generally does have the power to enter declaratory judgments, which it purported to do in this matter, it does not have the authority to provide the relief requested here. However, the subliminal issue in this case concerns the authority of the municipal court to assess court costs on a per charge basis and on dismissed charges.
{¶ 53} After being cited for weaving and for operating a motor vehicle under the influence of alcohol, William Glick agreed to plead guilty to a reduced charge of reckless operation in exchange for dismissal of the weaving charge. Prior to accepting the plea agreement, he understood that he would be required to pay court costs. Glick paid the court costs in cash, and although he noticed that he paid court costs for the dismissed weaving charge, he never appealed his *442 conviction or sentence. Rather, he filed a class action and sought declaratory, injunctive, and restitution relief in the Cuyahoga County Court of Common Pleas.
{¶ 54} The court of common pleas granted summary judgment in favor of Raymond J. Wohl, the Clerk of the Berea Municipal Court, on Glick’s claims for improperly charged costs under R.C. 2949.091(A) and 2743.70(A), granted in part and denied in part Glick’s motion for summary judgment on count one for declaratory judgment, and granted in part Glick’s motion for summary judgment as to count one of the first amended class action complaint.
{¶ 55} More specifically, the court declared that fees collected for the computer maintenance fund, computer research fund, and construction fund, and a processing fee constitute “special project” fees and may be assessed on a “per charge” basis pursuant to R.C. 1901.26(B)(1). However, the court further declared that Glick was improperly charged general court costs twice and should have been charged only once, noting that general court costs do not fall under R.C. 1901.26(B) and must be charged on a “per case basis.” The court also declared that Glick was improperly charged with fees for computer maintenance, computer research, and construction on the dismissed charge and with a $2 processing fee.
{¶ 56} The court of common pleas also granted Glick’s motion for summary judgment on the claim for injunctive relief and ordered Wohl to refrain from charging costs on dismissed counts, “general court costs” on a per charge basis, and a processing fee when costs are paid in cash. The court further granted Glick’s motion for summary judgment on the restitution claim and ordered that Wohl issue a refund to Glick in the amount of $85.
{¶ 57} Although the court of common pleas determined that some of these costs were improperly imposed, because Glick failed to properly challenge the municipal court’s imposition of the court costs, the municipal court’s assessment of costs in this case remains in effect. Had Glick sought a stay and appealed the sentence to the court of appeals raising the issue of improper imposition of court costs, and had one of the parties sought discretionary review in this court, we may have reached the issue whether the municipal court properly assessed costs in this case.[7] See State ex rel. Galloway v. Lucas Cty. Court of Common Pleas, 130 Ohio St.3d 206, 2011-Ohio-5259, 957 N.E.2d 11, ¶ 4 (“any error regarding the imposition of court costs can be challenged by appeal”); see also Cleveland Hts. v. Lewis, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, at ¶ 23-26 (determining that misdemeanant who contested charges at trial, paid the fines and costs imposed, unsuccessfully sought a stay of execution from the trial court, and *443 appealed his conviction and whose inactive period of probation expired during the pendency of the appeal did not voluntarily complete the sentence imposed by the trial court and thus his appeal did not become moot). Because this appeal derives from appellate review of a judgment of the court of common pleas, which lacked the power to grant the relief requested, rather than from an appeal of the municipal court’s judgment, we are prevented from reviewing whether the municipal court properly imposed certain costs here.
{¶ 58} However, some of the costs imposed in this case appear to be problematic. First, the imposition of costs that are not “special project” fees on a per charge basis raises concerns presented in our decision in Middleburg Hts. v. Quinones, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, at paragraphs two and three of the syllabus, in which we held that “R.C. 2947.23(A)(1) specifies that in all criminal cases, judges are to include the costs of prosecution in the sentence and render a judgment for such costs,” whereas “R.C. 1901.26(B) authorizes municipal courts by rule to charge a special-projects fee in addition to all other court costs on the filing of each criminal cause.” (Emphasis sic.)
{¶ 59} Second, although the record is unclear as to whether Glick agreed to pay the court costs related to the dismissed charge, assessing costs on dismissed charges in the absence of an agreement between the parties also raises concerns. See Cuyahoga Falls v. Coup-Peterson, 124 Ohio App.3d 716, 717, 707 N.E.2d 545 (9th Dist.1997) (noting that “there is no authority for a court to assess costs against a defendant who has not been sentenced, absent an agreement otherwise between the parties,” and concluding that assessing court costs following dismissal of criminal charges violates due process).
{¶ 60} Notably, various statutes demonstrate the General Assembly’s intent to impose certain court costs on charges resulting in convictions but not on those resulting in dismissals. For example, R.C. 2947.23(A)(1)(a) specifies that the court must impose certain costs as part of the sentence (“In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs” [emphasis added]). R.C. 2929.01(EE) defines “sentence” as “the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense,” while Black’s Law Dictionary (9th Ed.2009) defines “sentence” as “[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer.” Id. at 1485. Recently, in State v. Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 28, we stated: “a sentence is a penalty or combination of penalties imposed on a defendant as punishment for the offense he or she is found guilty of committing.” Thus, by providing that certain costs be imposed *444 as part of the sentence, the statute and our case law evince an intent to impose court costs only on those who are convicted or found guilty, not on those whose charges are dismissed. See State v. Powers, 117 Ohio App.3d 124, 128, 690 N.E.2d 32 (6th Dist.1996) (“the intent of [R.C. 2947.23] is to impose costs on a defendant after his or her conviction”).
{¶ 61} Similarly, R.C. 2949.091 and 2949.094 specify that the court shall impose certain costs if the defendant is convicted of or pleads guilty to an offense and shall return costs added to the amount of the bail if the person is not found guilty or the charges are dismissed. R.C. 2949.091(A)(1)(a) (“The court in which any person is convicted of or pleads guilty to any offense shall impose one of the following sums as costs in the case in addition to any other court costs that the court is required by law to impose upon the offender * * * ”); R.C. 2949.091(B) (“Whenever a person is charged with any offense described in division (A)(1) of this section, the court shall add to the amount of the bail the thirty, twenty, or ten dollars required to be paid by division (A)(1) of this section. * * * If the person is found not guilty or the charges are dismissed, the clerk shall return the thirty, twenty, or ten dollars to the person”); R.C. 2949.094(A) (“The court in which any person is convicted of or pleads guilty to any moving violation shall impose an additional court cost of ten dollars upon the offender”); R.C. 2949.094(C) (“Whenever a person is charged with any offense that is a moving violation and posts bail, the court shall add to the amount of the bail the ten dollars required to be paid by division (A) of this section. * * * If the person is found not guilty or the charges are dismissed, the clerk shall return the ten dollars to the person”).
{¶ 62} Here, the court of common pleas declared that Glick was improperly charged with the computer maintenance fee, the computer research fee, and the construction fee on the dismissed charge. Although R.C. 1901.261, which pertains to fees for computer services, is silent as to whether fees relating to computer services are to be assessed on dismissed charges, and R.C. 1901.26(B)(1) provides that the court may charge special project fees “on the filing of each criminal cause,” it appears to be consistent with the General Assembly’s intent for courts not to impose court costs on dismissed charges unless payment of such costs is part of a plea agreement.
{¶ 63} Thus, although we cannot dispose of the issues pertaining to the imposition of certain costs in this case, courts that continue to assess court costs that are not “special project” fees on a per charge basis and to impose costs on dismissed charges in the absence of a plea agreement run the risk of being compelled to refund those costs if they are ultimately found to be improperly assessed.
Kennedy, J., concurs in the foregoing opinion.

. Additionally, R.C. 2947.23(C), which became effective March 22, 2013, now provides: “The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter.” 2012 Sub.S.B. No. 247.