[Cite as *State v. Dennis*, 2023-Ohio-3815.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29519 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 01672 |
| | : | |
| JOHN DENNIS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on October 20, 2023

· · · · · · · · · · ·

JOHN A. FISCHER, Attorney for Appellant

MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

· · · · · · · · · · · ·

LEWIS, J.

{¶ 1} Defendant-Appellant John Dennis appeals from a judgment of the Montgomery County Common Pleas Court following his conviction, following his guilty plea, on one count of rape (by force or threat of force), a felony of the first degree. On appeal, Dennis challenges the trial court's imposition of extradition costs. For the

reasons that follow, we will reverse the trial court's judgment insofar as it imposed extradition costs and remand the case to the trial court to consider whether the extradition costs should be waived. The judgment will be affirmed in all other respects.

### I. Facts and Procedural History

{¶ 2} On November 9, 2021, Dennis was indicted by a Montgomery County grand jury on one count of rape, in violation of R.C. 2907.02(A)(2), a felony of the first degree, and one count of sexual battery, in violation of R.C. 2907.03(A)(5), a felony of the third degree. On May 27, 2022, Dennis entered a negotiated guilty plea wherein Dennis agreed to plead guilty to one count of rape (by force or threat of force), a felony of the first degree, with an agreed mandatory sentence of five years in prison and designation as a Tier III sex offender. In exchange, the State agreed to dismiss the other count. On June 13, 2022, Dennis was sentenced to a mandatory term of five years in prison and designated a Tier III sex offender. The trial court waived court costs and fines but ordered Dennis to pay $1,912.24 to the Montgomery County Prosecuting Attorney's Office for the costs of extradition, with the amount to be paid through the Montgomery County Clerk of Courts. Dennis filed a timely notice of appeal.

{¶ 3} Dennis' appointed appellate counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel stated that she had found "no meritorious issues for review" and requested to withdraw from the case. Following our independent review of the record, we found at least one non-frivolous issue for appeal relating to the imposition of the costs of extradition. Accordingly, we set aside appellate counsel's *Anders* brief, allowed her to withdraw from

the case, and appointed new counsel.

{¶ 4} Dennis now raises a single assignment of error.

## II. Extradition Costs

{¶ 5} In his sole assignment of error, Dennis contends that the trial court erred by ordering him to pay the costs of extradition. Dennis argues that the trial court imposed the extradition costs without considering whether he was indigent, and Dennis further contends that he is indigent based on the record. Dennis therefore asks this Court to vacate the costs of extradition. The State concedes that the trial court erred in imposing the costs of extradition without considering whether Dennis was indigent or had the ability to pay. However, the State requests this Court reverse the imposition of the costs of extradition and remand the cause to the trial court to determine whether the costs of extradition should be waived. We agree with the State.

{¶ 6} R.C. 2947.23 governs the trial court's authority to impose costs on a defendant convicted of a felony. The statute provides that, "[i]n *all* criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." (Emphasis added.) R.C. 2947.23(A)(1)(a). Because the statute uses mandatory language, it requires a court to assess the costs of prosecution against all convicted defendants, regardless of whether they are indigent or not. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. Nevertheless, R.C. 2947.23(C) provides that a trial court may "waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or any time thereafter." Thus, "[w]hile the

imposition of those costs is mandatory, the court may waive the payment of all costs when the defendant is determined to be indigent." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 14, citing *White* at ¶ 14.

{¶ 7} "The phrase 'costs of prosecution' has not been statutorily defined." *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, ¶ 8. The term "costs," however, has been defined as "the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence." *Id.*, citing *State ex rel. Franklin Cty. Commrs. v. Guilbert*, 77 Ohio St. 333, 338, 83 N.E. 80 (1907). "The expenses which may be taxed as costs in a criminal case are those directly related to the court proceedings and are identified by a specific statutory authorization." *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 22. *See also* R.C. 2949.111(A)(1) (" 'Court costs' means any assessment that the court requires an offender to pay to defray the costs of operating the court."). We have previously determined that extradition costs are included in the costs of prosecution. *State v. Jones*, 2d Dist. Montgomery Nos. 25315 and 25316, 2013-Ohio-1925, ¶ 13-15.

{¶ 8} Accordingly, a trial court must impose court costs, including costs of extradition, but has discretion to waive them at the time of sentencing. Where a defendant moves to waive costs at the time of sentencing, the trial court's decision will be reviewed under an abuse of discretion standard. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 12, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. "An abuse of discretion connotes an unreasonable,

arbitrary, or unconscionable attitude." (Citation omitted.) *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997). "[A]n 'arbitrary' decision is one made 'without consideration of or regard for facts [or] circumstances.' " *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed.2014).

{¶ 9} In the case at bar, after imposing Dennis' prison sentence, the trial court was informed there were extradition costs in the amount of $1,912.24. Defense counsel alerted the court that Dennis was indigent and was being represented as such. Although the trial court indicated it would waive any fines and court costs, the trial court stated it "will always order extradition costs." Tr. 32. Accordingly, the trial court waived court costs but ordered Dennis to pay the costs of extradition.

{¶ 10} The record reflects that Dennis had a high school education and had served in the United States Army and National Guard. Dennis had been "employed most of his life as a heavy equipment operator" according to the presentence investigation report, although he indicated in his financial disclosure form that he was not employed. At the time of sentencing, Dennis was represented by appointed counsel and was 67 years old with several alleged health problems. But the trial court did not consider any of the individual facts or circumstances in the particular case before it and ostensibly followed its blanket policy of always imposing extradition costs. "It is a basic principle of our legal system that a trial court's decision must not be arbitrary and cannot be based on considerations wholly unrelated to the decision it is tasked with making. A trial court could not, for instance, deny a motion to waive costs based on the flip of a coin or the

color of a defendant's hair or because it is Tuesday. Neither could a court adopt a standing order to reject all such motions, as that would be opting out of any sort of rational assessment altogether." *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486. Consequently, we must conclude that the court's adherence to such an arbitrary policy constituted an abuse of discretion and sustain Dennis' sole assignment of error. *See Beasley* at ¶ 13 (trial court's blanket policy of not accepting no-contest pleas constituted an abuse of discretion).

{¶ 11} While Dennis and the State agree that the trial court erred in imposing extradition costs, the parties disagree as to whether the costs portion of the judgment should be vacated or reversed and remanded for further consideration by the trial court. Dennis contends that the trial court already made an explicit finding that Dennis is indigent and therefore cannot impose extradition costs. Dennis relies on the fact that the trial court found him to be indigent for purposes of appointing counsel. However, "[a] finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying court costs or a financial sanction." (Citation omitted.) *State v. Felder*, 2d Dist. Montgomery No. 21076, 2006-Ohio-2330, ¶ 64. Although there was evidence in the record that Dennis may have been indigent and unable to pay extradition costs at the time of sentencing and, therefore, waiver may have been appropriate, the determination of whether extradition costs should be waived must be made by the trial court in the first instance, not an appellate court. In this case, the trial court imposed the extradition costs due to its blanket policy, not because it found that waiver was appropriate under the facts and circumstances of this case. Accordingly, we reverse the imposition

of extradition costs and remand the cause to the trial court for it to consider if the extradition costs should be waived, taking into account the individual facts and circumstances of the present case.

### III.     Conclusion

**{¶ 12}** Having sustained the sole assignment of error, we reverse the imposition of extradition costs and remand the cause to the trial court to consider whether extradition costs should be waived.   The trial court's judgment will be affirmed in all other respects.

. . . . . . . . . . . . .


WELBAUM, P.J. and EPLEY, J., concur.